HILL *v.* HARDING.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 253. Submitted April 16, 1889. — Decided May 13, 1889.

If an attachment of property in an action in a state court is dissolved by the defendant's entering into a recognizance, with sureties, to pay, within ninety days after any final judgment against him, the amount of that judgment; and the defendant, after verdict against him, obtains his discharge in bankruptcy upon proceedings commenced more than four months after the attachment; the Bankrupt Act does not prevent the state court from rendering judgment against him on the verdict, with a perpetual stay of execution, so as to leave the plaintiff at liberty to proceed against the sureties.

THIS was an action of assumpsit, commenced by Harding and others against Hill in an inferior court of the State of Illinois, in accordance with the statutes of the State, by attachment of the defendant's real estate. The attachment was dissolved, in accordance with those statutes, by the defendant giving bond, or, more strictly speaking, entering into a recognizance, with sureties, conditioned to pay to the plaintiffs "the amount of the judgment and costs which may be rendered against him in this suit on a final trial hereof, within ninety days' after such judgment shall be rendered." After verdict for the plaintiffs, and before judgment thereon, and on proceedings in bankruptcy commenced more than four months after the attachment, the defendant was adjudged a bankrupt under the Bankrupt Act of the United States, and applied to the state court, under § 5106 of the Revised Statutes, for a stay of proceedings to await the determination of the court in bankruptcy upon the question of his discharge. The application was denied, and judgment rendered against the defendant on the verdict, and upon a bill of exceptions, stating these facts, that judgment was affirmed by the Supreme Court of the State. 93 Illinois, 77. Upon a former writ of error, this court reversed the judgment of that court, and remanded the case to it for further proceedings, upon the ground that the defendant was entitled to the stay applied for, without considering the question whether the court in which the suit was pending might, after the defendant had obtained his discharge in bankruptcy, render a special judgment in favor of the plaintiffs for the purpose of charging the sureties on the recognizance given to dissolve the attachment. 107 U. S. 631, 635.

The case was then remanded by the Supreme Court of Illinois to the inferior court with a direction that, upon its satisfactorily appearing that the defendant since the verdict had obtained his discharge in bankruptcy, a judgment should be entered for the plaintiff and against the defendant upon the verdict, with a perpetual stay of execution. The inferior court thereupon denied a motion of the defendant for leave to file a formal plea setting up his discharge in bankruptcy; admitted in evidence a copy of that discharge, offered by the plaintiff

and objected to by the defendant as not duly verified; refused the defendant's request for a trial by jury on the question of his discharge in bankruptcy; denied a motion to enter a judgment in his favor, releasing him from all liability subsequent to the commencement of the proceedings in bankruptcy, on account of all causes of action involved in this suit; and ordered judgment on the verdict, pursuant to the mandate of the Supreme Court of the State, with a perpetual stay of execution. Upon a bill of exceptions the judgment and order were affirmed by the Supreme Court of Illinois. 116 Illinois, 92. The defendant sued out this writ of error.

*Mr. George W. Brandt* for plaintiff in error.

I. The courts of Illinois proceeded in hostility to the decision of the Supreme Court of the United States in this case, and erred in refusing plaintiff in error leave to file a plea of his discharge in bankruptcy, and in entering a judgment against him for the purpose of depriving him of the benefit of his discharge as a bankrupt. *Page* v. *Bussell*, 2 M. & S. 551; *Taylor* v. *Mills*, Cowp. 525; *Paul* v. *Jones*, 1 T. R. 599; *Welsh* v. *Welsh*, 4 M. & S. 333; *Buel* v. *Gordon*, 6 Johns. 126; *Woodard* v. *Herbert*, 24 Maine, 358; *Ellis* v. *Ham*, 28 Maine, 385; *Hankin* v. *Bennett*, 8 Exch. 107; *Hinton* v. *Acraman*, 2 C. B. 367; *Eastman* v. *Hibbard*, 54 N. H. 504; *McMullen* v. *Bank of Penn. Township*, 2 Penn. St. 343; *Cake* v. *Lewis*, 8 Penn. St. 493; *Wells* v. *Mace*, 17 Vermont, 503; *Comfort* v. *Eisenbeis*, 11 Penn. St. 13; *Haddens* v. *Chambers*, 2 Dall. 236; *Page* v. *Cole*, 123 Mass. 93; *Carpenter* v. *Turrell*, 100 Mass. 450; *Hamilton* v. *Bryant*, 114 Mass. 543; *Barnstable Savings Bank* v. *Higgins*, 124 Mass. 115; *Denny* v. *Merrifield*, 128 Mass. 228; *Lincoln* v. *Leshure*, 132 Mass. 40; *McKay* v. *Funk*, 37 Iowa, 661; *Bratton* v. *Anderson*, 5 South Carolina, 504; *Bank of Clinton* v. *Taylor*, 120 Mass. 124; *Payne* v. *Able*, 7 Bush, 344; *Martin* v. *Kilbourn*, 12 Heiskell, 331; *Odell* v. *Wootten*, 38 Georgia, 224; *Wolf* v. *Stix*, 99 U. S. 1; *Empire Fire Ins. Co.* v. *Real Estate Trust Co.*, 1 Bradwell, 391; *Drake* v. *Drake*, 83 Illinois, 526.

II. Sureties are favorites in law, and no intendments will be made against them. *Law* v. *East India Co.*, 4 Ves. 824; *Lang* v. *Pike*, 27 Ohio St. 498; *Kingsbury* v. *Westfall*, 61 N. Y. 356; *Stull* v. *Hana*, 62 Illinois, 52; *People* v. *Tompkins*, 74 Illinois, 482; *Pickersgill* v. *Lahens*, 15 Wall. 140; *Risley* v. *Brown*, 67 N. Y. 160; *Weaver* v. *Shyrock*, 6 S. & R. 262; *Kennedy* v. *Carpenter*, 2 Wharton, 344, 362; *Towne* v. *Ammidown*, 20 Pick. 535; *Wood* v. *Fisk*, 63 N. Y. 245.

III. A surety is under no moral obligation to pay the debt of his principal. *Winston* v. *Fenwick*, 4 Stew. & Porter (Ala.) 269; *Harrison* v. *Field*, 2 Wash. (Va.) 136; *Van Derveer* v. *Wright*, 6 Barb. 547.

IV. The Circuit Court erred in admitting in evidence the alleged certificate of Hill's discharge in bankruptcy. *Baldwin* v. *Hale*, 17 Johns. 272; *Griswold* v. *Sedgwick*, 1 Wend. 126; *Brackett* v. *The People*, 64 Illinois, 170.

V. There was no verdict on which a judgment could be entered. *Boynton* v. *Ball*, 105 Illinois, 627.

*Mr. John M. Glover* and *Mr. William H. Barnum* for defendants in error.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The question presented by this writ of error is quite distinct from that which arose when the case was before this court at a former term, as reported in 107 U. S. 631. The only point then decided was that the defendant, on his application made after verdict and before judgment, was entitled to a stay of proceedings to await the determination of the court in bankruptcy upon the question of his discharge. The question not then passed upon, and now presented, is whether, since he has obtained his discharge in bankruptcy, there is anything in the provisions of the Bankrupt Act to prevent the state court from rendering judgment on the verdict against him, with a perpetual stay of execution, so as to prevent the plaintiffs from enforcing the judgment against him, and leave them at liberty to proceed against the sureties in the bond or recognizance

given to dissolve an attachment made more than four months before the commencement of the proceedings in bankruptcy.

Such attachments being recognized as valid by the Bankrupt Act (Rev. Stat. § 5044) a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment. When the attachment remains in force, the creditors, notwithstanding the discharge, may have judgment against the bankrupt, to be levied only upon the property attached. *Peck* v. *Jenness*, 7 How. 612, 623; *Doe* v. *Childress*, 21 Wall. 642. When the attachment has been dissolved, in accordance with the statutes of the State, by the defendant's entering into a bond or recognizance, with sureties, conditioned to pay to the plaintiffs, within a certain number of days after any judgment rendered against him on a final trial, the amount of that judgment, the question whether the state court is powerless to render even a formal judgment against him for the single purpose of charging such sureties, or, in the phrase of Chief Justice Waite in *Wolf* v. *Stix*, 99 U. S. 1, 9, whether "the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed," depends not upon any provision of the Bankrupt Act, but upon the extent of the authority of the state court under the local law. Whether that authority is exercised under the settled practice of the court, as in Illinois, or only by virtue of an express statute, as in Massachusetts, there is nothing in the Bankrupt Act to prevent the rendering of such a judgment. The bond or recognizance takes the place of the attachment as a security for the debt of the attaching creditors; they cannot dispute the election, given to the debtor by statute, of substituting the new security for the old one; and the giving of the bond or recognizance, by dissolving the attachment, increases the estate to be distributed in bankruptcy. The judgment is not against the person or property of the bankrupt, and has no other effect than to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and with the spirit of that provision of the Bankrupt Act which declares that "no discharge shall

release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise." Rev. Stat. § 5118; *In re Albrecht,* 17 Bankr. Reg. 287; *Hill* v. *Harding,* 116 Illinois, 92; *Barnstable Savings Bank* v. *Higgins,* 124 Mass. 115.

If the bond was executed before the commencement of proceedings in bankruptcy, the discharge of the bankrupt protects him from liability to the obligees, so that, in an action on the bond against him and his sureties, any judgment recovered by the plaintiffs must be accompanied with a perpetual stay of execution against him; but his discharge does not prevent that judgment from being rendered generally against them. *Wolf* v. *Stix,* above cited. If the sureties should ultimately pay the amount of any such judgment, and thereby acquire a claim to be reimbursed by their principal the amount so paid (which is a point not now in issue), it would be because his liability to them upon such a claim did not exist at the time of the commencement of the proceedings in bankruptcy, and therefore could not be proved in bankruptcy nor barred by the discharge, and consequently would not be affected by any provision of the Bankrupt Act.

The courts of Illinois, in the judgment rendered in this case, having assumed the validity of the defendant's discharge in bankruptcy, he has not been prejudiced by the rulings denying leave to file after verdict a formal plea of the discharge in bankruptcy, and admitting in evidence an unverified copy of the discharge, and refusing his request for a trial by jury upon that issue.

*Judgment affirmed.*