## EFFECT ON SUIT IN ATTACHMENT OF DISCHARGE OF DEFENDANT IN BANKRUPTCY.

Circuit Court of Cuyahoga County.

THE SLEEPY EYE MILLING CO. v. E. M. WELSH.*

Decided, February 16, 1908.

*Estoppel—Available, Notwithstanding Want of Express Allegation of— Where the Facts are All on the Face of the Record—Attached Property Released on Bond—Appeal Taken by Defendant—Defense of Subsequent Adjudication in Bankruptcy.*

A defendant in a suit in attachment, who filed bond for release of the property attached and thereafter gave bond for appeal, is estopped from subsequently setting up a discharge in bankruptcy, where the attachment proceeding and giving of bond was prior to the proceedings in bankruptcy.

*R. H. Lee,* for plaintiff in error.
*Klein & Harris,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Error to the court of common pleas.

This litigation originated in a justice court, and in all the courts the parties have stood related as they stand here. In the justice court plaintiff sued out an attachment, but the attached property was restored to defendant upon bond given by him. Upon the rendition of judgment sustaining plaintiff's claim and attachment, defendant appealed to the court of common pleas. Pending this appeal he filed his petition in voluntary bankruptcy and was discharged. Thereupon, he applied for and obtained leave to file a supplemental answer setting up this fact. Plaintiff replying to this supplemental answer alleges that its claim was

---

* Affirmed without opinion, *Welsh* v. *Sleepy Eye Milling Co.*, 84 Ohio State, 495.

not scheduled by the defendant in his bankruptcy proceeding, and that no notice of the pendency of that proceeding had ever been served upon it; but upon this point it is practically conceded that at the time of filing this reply the bankruptcy proceeding was still pending and open to the presentation of plaintiff's claim. This, of course, is sufficient.

Plaintiff's reply to the supplemental answer alleges further that if defendant is permitted to maintain his defense of discharge in bankruptcy, plaintiff's claim, though just, can not be put into judgment for the purpose of recourse to the liability of the sureties on the appeal bond. In argument it is urged that a similar inequitable result will follow as to the security upon the bond for the release of the attachment. If judgment goes against plaintiff by reason of this defense the condition of neither bond is broken, and unless defendant is estopped to interpose the defense of discharge in bankruptcy, we see no escape from the reasoning and conclusion of the court in *Merritt et al* v. *Pritchard*, 4 N.P. (N.S.), 571, wherein *Farrell* v. *Finch*, 40 Ohio State, 337, and *Hill* v. *Harding*, 130 U. S., 699, seem to us to be properly distinguished.

It would have been entirely proper under the circumstances for the court to have refused leave to the defendant to file the supplementary answer, but the record does not disclose any objection made or exception reserved to the granting of such leave in this case (*Holyoke et al* v. *Adams*, 59 N. Y., 233). The reply does not sufficiently allege any estoppel; but inasmuch as the facts in regard to the attachment, filing of bond for release, the filing of bond for appeal, filing of a voluntary petition in bankruptcy, the discharge in bankruptcy, and the attempt by supplemental answer to set up the discharge of defendant are and were all disclosed upon the record, and inasmuch as it is thus plainly inequitable to permit defendant, under these circumstances, to have and maintain this defense and thereby deprive plaintiff of its recourse against the sureties on the attachment and appeal bonds, we think the court below should have so applied the doctrine of estoppel as to prevent the interposition of

this defense (*State, ex rel,* v. *Smith,* 44 O. S., 348, 361). The want of express allegation of such estoppel does not prevent it from being available when the facts are all on the face of the record (*The Castalia Trout Club Co.* v. *The Castalia Sporting Club et al,* 8 C. C., 194, 208; affirmed 56 Ohio State, 749). Section 17 of the bankruptcy law should be construed with Section 16 thereof, so as to prevent, if possible, any discharge of a bankrupt's sureties.

Without this defense we can not say that the court would have rendered judgment for the defendant. If, upon retrial, judgment should be rendered against him, he can and no doubt will have his proper remedy against the enforcement of such judgment against him. Because, however, the judgment as rendered is contrary to law, it is reversed and the cause remanded.