DUNHAM BROS. COMPANY *vs.* ISRAEL COLP.

Androscoggin.     Opinion March 10, 1926.

*The liability assumed by sureties upon a bond given by the principal for the purpose of vacating an attachment of property in an action against the principal is not affected by bankruptcy of the principal.*

In the instant case the effect of the bankruptcy was to discharge the defendant from further liability for the debt, but in no way affected the liability which was assumed by the sureties upon the bond.

The extent of that liability depends upon the amount which should be determined by a judgment which would declare the extent of that liability.

The plaintiff is entitled to judgment for the full amount of the debt, with interest from the date of the writ, but with perpetual stay of execution upon the judgment.

On exceptions. An action of assumpsit on an admitted claim of $331.77 for merchandise sold and delivered, defendant's stock of goods being attached on the writ, which attachment was vacated on the same day by defendant giving a bond with sureties under R. S., Chap. 86, Sec. 79, and in fourteen days defendant was adjudicated a bankrupt upon a voluntary petition and an offer of composition was made and confirmed. Plaintiff did not prove his claim in the bankruptcy court. Defendant pleaded the composition as a discharge of the debt on which the action was founded. The cause was heard by the presiding Justice without a jury on an agreed statement of facts, rights of exceptions being reserved, who ruled that the bankruptcy proceedings discharged the defendant from personal liability, but did not affect the liability assumed by the sureties on the bond, and ordered a special judgment for the full amount and interest from date of the writ, and further ordered perpetual stay of proceedings and execution upon the judgment, and defendant excepted. Exceptions overruled.

The case appears in the opinion.

*Ralph W. Crockett*, for plaintiff.

*Benjamin L. Berman, Jacob H. Berman and Edward J. Berman*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, STURGIS, BASSETT, JJ.

PHILBROOK, J. This is an action upon an account annexed to recover a judgment for amount due because of sale and delivery of merchandise. The case was heard by a Justice, upon an agreed statement of facts, without jury, right of exceptions being reserved by both parties. The writ is dated September 1, 1923, and returnable to the October term, 1923, of the Superior Court for the County of Androscoggin. The defendant's stock of goods was attached on the date of the writ and, on the same day, the attachment was released by the giving of a bond, with sureties, as provided in R. S., Chap. 86, Sec. 79. The condition of this statutory bond is that within thirty days after rendition of judgment the defendant will pay to the plaintiff, or his attorney of record, the amount of judgment, including costs. Thus we see that rendition of judgment is a prerequisite to fixing liability of the sureties upon the bond.

It appears that fourteen days after the attachment was made, and released by the giving of the bond, namely on September 15, 1923, the defendant filed a voluntary petition in bankruptcy, and on the same day was duly adjudicated a bankrupt. He subsequently made an offer of composition which was confirmed by the judge of the District Court of the United States on November 23, 1923. The plaintiff was scheduled as a creditor of the defendant, and had notice of the bankruptcy, but did not prove its claim in bankruptcy, and did not become a party to, or participate in, the composition proceedings. It must be conceded that by the provisions of the Bankruptcy Act of 1898, Chap. 3, Sec. 14, Sub-division C, the confirmation of a composition discharges the bankrupt from his debts, other than those agreed to be paid by the composition, and those not affected by a discharge. It is now the contention of the defendant that the plaintiff's claim is one barred by a composition in bankruptcy and that judgment should have been rendered for the defendant. On the other hand, the plaintiff contends that it is entitled to a general or a special judgment against the defendant regardless of the bankruptcy. The Justice who heard the case ruled that the effect of the bankruptcy was to discharge the defendant from further personal liability for the debt, but that it in no way affected the liability which the sureties upon the bond assumed; that the extent of their liability

depended upon the amount which should be determined by a judgment which would declare the extent of that liability.  He found for the plaintiff, gave judgment for the amount of the debt, with interest from the date of the writ, and further ordered perpetual stay of proceedings and execution upon the judgment.  Exceptions were taken to these findings and order, and the case is before us upon these exceptions.

The rulings and finding are in harmony with those declared by a per curiam decision of this court in *Damon* v. *United Photo Materials Co.*, 109 Maine, 563; with the full opinion of the Massachusetts court in *Rosenthal* v. *Nove et al.*, 175 Mass., 559; with that of *United States Wind Engine & Pump Co.* v. *North Penn. Iron Co.*, 75 Atl., 1094, decided February 21, 1910, where a full discussion was given concerning the questions here involved; also with *Hill* v. *Harding*, 130 U. S., 699, 32 L. Ed., 1083.  See also *Marks* v. *Outlet Clothing Co.*, 122 Maine, 406, an action of debt on a bond given to release an attachment, where the principal named in the bond became a bankrupt within four months after the bond was given.

*Exceptions overrruled.*