ADDISON P. SMITH

*vs.*

ALICE F. DAVIS, AND LEROY B. FRENCH, TRUSTEE.

Aroostook.     Opinion January 15, 1932.

*Walter Cary,*
*Bernard Archibald,* for plaintiff.
*A. S. Crawford, Jr.,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J.    This case was heard by the presiding Justice with a reservation of the right to except in matters of law. April 25, 1928, suit was brought by the plaintiff against the defendant, Alice F. Davis, and the defendant Leroy B. French was summoned as trustee. The action was entered at the September Term, 1928, of the Supreme Judicial Court and continued on the docket of that court, and after the organization of the Superior Court on its docket, until the April Term, 1931. At the November Term, 1928, the bankruptcy of the principal defendant was suggested, and at the November Term, 1930, the trustee, having up to that time filed no disclosure, was defaulted, and by agreement the case was con-

tinued to the April Term. Prior to the default against the trustee, the principal defendant had received her discharge in bankruptcy; but no trustee in bankruptcy was ever appointed, and consequently no claim was made on behalf of creditors for the money in the hands of the defendant trustee. The docket entries show that at the return term a general appearance for the principal defendant and for the trustee was entered by A. S. Crawford, Jr., which has not at any time been withdrawn as to either. No plea was at any time filed; but in accordance with the agreement of the parties, the case was heard by the Court at the April Term, 1931, when the following decision was rendered:

"ORDERED that the plaintiff recover judgment for the sum of four hundred sixty-six dollars and nine cents ($466.09) with interest thereon from the date of the writ; that execution therefor with costs of suit issue against the goods, effects and credits of the defendant, Alice F. Davis, in the hands and possession of the Trustee, Leroy B. French, otherwise called L. B. French; and it is further

"ORDERED that perpetual stay of proceedings and execution upon said judgment against the principal defendant, Alice F. Davis, be had."

At the outset it is important to bear in mind that, though there can be in an action of this kind no enforceable judgment against one who has received a discharge in bankruptcy, yet a special judgment can be entered for the purpose of perfecting a right of action against one secondarily liable, or in order to charge a garnishee, or to establish the right to levy on attachable property of the bankrupt, the title to which may not have passed to the trustee in bankruptcy. *Dunham Bros. Co.* v. *Colp*, 125 Me., 211; *Hill* v. *Harding*, 130 U. S., 699; 32 L. Ed., 1083; *Peck* v. *Jenness*, 7 How., 612, 12 L. Ed., 841; *United States Wind Engine & Pump Co.* v. *North Penn. Iron Co.*, 227 Pa., 262; *Schunack* v. *The Art Metal Novelty Co.*, 84 Conn., 331; *Butterick Publishing Co.* v. *Bowen*, 33 R. I., 40. Just what form this judgment should take depends on the facts of the particular case. If the purpose is to perfect a right against a garnishee or one secondarily liable, such as a surety, judgment may be entered against the bankrupt with a perpetual stay of execu-

tion, as was done in the case which we are here considering. If, on the other hand, there is an attachment of property good against the trustee in bankruptcy, or of property which he does not claim, judgment may be entered against the bankrupt to be levied only on the property attached as was done in the case of *Peck* v. *Jenness*, supra.

The cases in our own jurisdiction, though never having outlined the exact form of the procedure to be followed, are in accord with this practice. *Stickney & Babcock Coal Co.* v. *Goodwin*, 95 Me., 246; *Leighton* v. *Kelsey*, 57 Me., 85; *Bowman* v. *Harding*, 56 Me., 559; *Cadwallader* v. *Dulac*, 128 Me., 519. The statement in the last case to the effect that no judgment can be entered against one who has received a discharge in bankruptcy obviously does not refer to the special judgment here discussed, but merely to a general judgment enforceable against the bankrupt.

In the instant case the trustee, though apparently acceding to the correctness of the procedure outlined above, has excepted to the order of the court on the ground that it is irregular and unauthorized for two reasons.

In the first place he claims that, a default having been entered against him at the November Term, 1930, judgment as to him became final as a matter of law on the last day of that term, and that, as no demand was made by the plaintiff on him within thirty days thereafter in accordance with the provisions of R. S. 1930, Chap. 100, Sec. 73, the attachment was dissolved. In the second place he urges that if this is not so and if it was necessary that judgment should have been entered against the principal defendant prior to its entry against the trustee, yet no such judgment against the principal in the absence of a plea by him to the merits could have been entered except after record of a default or by consent. Neither contention is sound.

Trustee process is simply a form of attachment, *Davis* v. *U. S. Bobbin & Shuttle Co.*, 118 Me., 285, the purpose of which is to place a lien on the goods, effects or credits of the principal defendant in the hands of the trustee. The enforcement of such lien must of necessity await the entry of final judgment against the principal defendant. *Rockland Savings Bank* v. *Alden*, 104 Me., 416; *Franklin Bank* v. *Bachelder*, 23 Me., 60. To hold otherwise would

defeat the very purpose of the statute, by throwing into complete confusion the procedure contemplated by its terms. R. S. 1930, Chap. 100, Sec. 34.

The trustee's contention that no judgment can be entered against the principal defendant has even less merit. The same counsel appeared for both principal and trustee. The case was continued by agreement to the April Term, and was heard at that time with the apparent understanding of all parties including the Court that proper steps had been taken so that judgment could be then entered. Counsel for both defendants permitted the case to be presented to the court on the theory that a plea had been filed of the general issue with a brief statement setting forth a discharge in bankruptcy. Decision having been rendered in accordance with such understanding, it is now too late to claim otherwise and to permit the trustee to take advantage of the failure of the principal defendant to plead. *Bank of Havelock* v. *Western Union Telegraph Co.*, 141 Fed., 522; *J. S. Keator Lumber Co.* v. *Thompson*, 144 U. S., 434, 36 L. Ed., 495; *Farley* v. *Dean*, 196 Ill. App., 389; 49 C. J., 845.

The statement in the bill of exceptions that no judgment was ever rendered against the principal defendant is not controlling on this court in view of the fact that the finding of the presiding Justice is made a part of the bill and can be construed only as an order to enter a special judgment. *Tower* v. *Haslam*, 84 Me., 86.

The fact that the defendant, Davis, had received her discharge in bankruptcy does not affect the right of the plaintiff to enforce his lien, when no trustee in bankruptcy has claimed her property in the hands of the defendant trustee. *Cadwallader* v. *Dulac*, supra.

*Exception overruled.*