### McABEE v. ISOM.

### No. 9452.

Circuit Court of Appeals, Fifth Circuit.

Jan. 9, 1940.

William Dowdell Denson, of Birmingham, Ala., for appellant.

M. F. Lusk, of Guntersville, Ala., and Walter J. Price, of Huntsville, Ala., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is from a judgment of the District Court dated November 24, 1939, which affirmed an order of the referee in bankruptcy dated October 7, 1939, denying a motion of appellant Bessie McAbee to amend her claim as creditor of H. M. Skidmore, bankrupt, by striking from it the statement of security for it, so as to present it as an unsecured claim against the general estate.

The record shows that appellant lost her leg in an automobile collision due, as she asserted, to Skidmore's negligence, for which she sued for damages in a State court. He became a voluntary bankrupt on November 23, 1938, listing her as a creditor having a pending suit for damages for $20,000. Within six months, on June 9, 1939, her suit having been continued because of the bankruptcy to the September term of court, she filed in the bankruptcy proceeding a sworn statement of her claim, asserting it to be for $100,000 damages due because of negligent injury, for which suit was pending at the date of bankruptcy, stating details, and that it was secured by the levy of an attachment on described lands. She averred that she "appeared specially, without submitting to the jurisdiction of the court and without waiving any of her rights under the State court suit." The trustee objected principally because a claim could not be filed with such reservations. Appellant also petitioned to be allowed to proceed to judgment in the State court and that the trustee there defend against it. At the hearing she asked to amend her filed claim by striking the reservation above quoted. Over the trustee's objection the amendment was permitted, and the claim was allowed as a secured claim; and an order was passed authorizing appellant to proceed in the State court "to enforce any rights she may have, under and by virtue of the attachment levied in aid of said pending suit and to determine the validity thereof." On a petition by the trustee for review, the district judge on August 25, 1939, affirmed the orders of the referee and allowed said claim "as a secured claim but not as a claim against the general assets of the estate." In re Skidmore, 29 F.Supp. 293.

In the State court at the September term, 1939, the trustee not appearing, it was found that prior attachments on the same land would defeat appellant's attachment. A consent judgment was taken for $3,000 damages, but by reason of the bankruptcy with a permanent stay of execution (see Hill v. Harding, 130 U.S. 699, 9 S.Ct. 725, 32 L.Ed. 1083), and the attachment levy was quashed. Promptly thereafter the application was made in the bankruptcy court to amend the claim of appellant from a secured into an unsecured claim, the denial of which is the subject of this appeal.

The bankruptcy began after the passage of the Chandler amendment of the Bankruptcy Act, 52 Stat. 840, 873, and its provisions apply. Sect. 63, as amended, 11

U.S.C.A. § 103, includes among provable debts "(7) the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition in bankruptcy." Appellant's claim was properly scheduled as such by the bankrupt. The sworn statement filed by appellant on June 9, 1939, conformed in substance to what is required of a proof of claim by Sect. 57, sub. a, 11 U.S.C.A. § 93, sub. a. Sect. 57, sub. d, indicates how liquidation of it may be accomplished. Paragraph e recognizes that claims having security may be temporarily recognized as partly unsecured. Paragraph h in effect directs secured claims to be recognized as unsecured as to any balance after the security is disposed of. Paragraphs k and l provide for the reconsideration of claims "according to the equities of the case, before but not after the estate has been closed." It thus appears that a claim proven as a secured claim is always potentially an unsecured one. If the security fails in whole or in part the equity of the case will generally require that recognition be given the unsecured debt. An amendment of the claim is the usual and an orderly way to attain this. In Keppel v. Tiffin Savings Bank, 197 U.S. 356, 25 S.Ct. 443, 49 L.Ed. 790, a preference by way of mortgage security was involved, and the provision of the act requiring the surrender of a preference before paying a debt was put forward as requiring a voluntary surrender, so that a creditor who lost his preference by litigation could not prove his debt. The court looked to the general purpose of bankruptcy to pay prorata all who in fact have just claims against the estate, and upheld the right of the creditor who had lost his preferential security by litigation to prove as a common creditor. The decision was repeated by a unanimous court in Page v. Rogers, 211 U.S. 575, 29 S.Ct. 159, 53 L.Ed. 332. So where in a State court a supposed security was annulled, the creditor who had filed as secured creditor in bankruptcy was allowed to change his claim to an unsecured one by amendment after the time for filing claims had expired. Barks v. Kleyne, 8 Cir., 15 F.2d 153. "Where a creditor has originally proved his claim as a secured one, he may be permitted to amend his proof to make it one for an unsecured claim, particularly where his security has subsequently proven invalid or voidable as a preference or fraudulent transfer." 8 C.J.S., Bankruptcy, § 433, p. 1298. Appel-

lant has, as the bankrupt asserted in his schedule, a provable debt unsecured. Not only has this estate not been closed, but no dividend has yet been paid. To allow her to prove it will be only just to her and will do other creditors no wrong. If she is denied it must be for some special reason.

The trustee gives two special reasons: That the judge on August 25th had allowed the claim as secured and expressly disallowed it as an unsecured one; and that appellant has elected to stand as a secured creditor and on her rights in the State court proceeding, and has waived her rights against the bankrupt estate. As to the first, it is true that the judge in the former hearing allowed the claim as secured, "but not as a claim against the general assets of the estate." No one had then asked for its allowance as an unsecured debt, nor had the security then relied on been ascertained to be worthless. There was no adjudication that she did not have and could never have an unsecured claim. There was only an adjudication that her claim be then allowed as she presented it, as secured. The quoted words added nothing to the allowance as a secured claim. As in the allowance of any other secured claim, subsequent developments might require a reconsideration, and such reconsideration is never cut off so long as the estate has not been closed.

As to the other reason, it is true that the original claim filed sought to avoid the bankruptcy court and protect only the State court proceeding, but on the trustee's own objection the claim was made into an ordinary secured claim and allowed as such. Appellant's petition to be allowed to proceed in the State court had two purposes, to liquidate the amount of the claim and to realize on the security obtained, as she supposed, by an attachment more than four months old at bankruptcy. These objects are not inconsistent with the proof of the claim in bankruptcy. When the supposed security disappeared, there was no bar to seeking to change the secured claim into an unsecured one. Whether the liquidation by a judgment entered by consent of the bankrupt is a good liquidation, or whether a better can now be had, are questions not here made or decided. We hold only that the proposed amendment ought to be allowed, that a liquidation may be considered on further proceedings.

Judgment reversed.