BATES STREET CIGAR AND CONFECTIONERY CO.

*vs.*

HOWARD CIGAR COMPANY, INC.

Sagadahoc.      Opinion, August 28, 1940.

*Edward W. Bridgham,*
*Harold J. Rubin,* for plaintiff.
*John P. Carey,* specially for defendant.

SITTING: BARNES, C. J., STURGIS, THAXTER, HUDSON, MANSER, WORSTER, JJ.

STURGIS, J.    This action of assumpsit upon an account annexed was heard by a justice at *nisi prius* with jury waived and upon an agreed statement of facts. On April 17, 1939, the writ issued, attachment of personal property was·made and a bond with personal

sureties given to release the attachment. R. S., Chap. 95, Sec. 84. At the June Term, 1939, of the Superior Court for the County of Sagadahoc, which was the return term, bankruptcy was suggested as provided by R. S., Chap. 96, Sec. 74, and the case was continued on the docket. Thereafter on June 12, 1939, the defendant, Howard Cigar Company, Inc., was adjudicated a bankrupt and on September 8, 1939, following, received its discharge. At the October Term, 1939, of the Superior Court, discharge in bankruptcy was pleaded in bar and a certificate of discharge filed. On the agreed statement, containing the facts which have been related and no more, the following ruling was made:

"ORDERED, that the Plaintiff recover judgment against the Defendant for the sum of Six Hundred Seventy-one Dollars and Eighty-eight cents ($671.88), with interest thereon from the date of the writ; and it is further

"ORDERED, that there be a perpetual stay of proceedings and execution upon the judgment."

The case comes forward on exceptions.

The agreed statement on which the ruling below was based is a part of the bill of exceptions and the facts there stated alone are open to consideration on this review. They cannot be supplemented by additional facts agreed upon in the briefs of counsel. *Allen* v. *Lawrence*, 64 Me., 175. In the case presented, it is not made to appear that the secondary liability of the sureties upon the bond given to release the attachment of the defendant's personal property was reduced or avoided by bankruptcy under Bankruptcy Act, Sec. 67, as amended June 22, 1938, 3 Federal Code Annotated, Title II, Bankruptcy, Chap. 7, Sec. 107a. Although no enforcible judgment can be rendered against one who has received a discharge in bankruptcy, yet a special judgment with perpetual stay of execution may be entered for the purpose of perfecting a right of action against sureties secondarily liable. *Smith* v. *Davis, French, Trustee*, 131 Me., 9, 158 A., 359; *Dunham Bros. Company* v. *Colp*, 125 Me., 211, 132 A., 388.

Furthermore, the bill of exceptions is incomplete and insufficient. The plaintiff's writ, agreed statement, pleadings and docket entries

are made a part of it, but a copy of the writ is not included in the printed case. The exception reserved is in this form:

"The defendant excepts to the Court's order that judgment be entered for the plaintiff and prays that its exception claimed may be allowed, it being aggrieved thereby."

The exception is directed generally and indiscriminately to the judgment below. It is not stated upon what exceptionable ground it is based. Such an exception does not comply with the law. *Wallace v. Gilley*, 136 Me., 523, 12 A. (2d), 416; *Gerrish, Ex'r v. Chambers*, 135 Me., 70, 79, 189 A., 187; *Dodge v. Bardsley*, 132 Me., 230, 169 A., 306.

*Exceptions overruled.*

BARNES, C. J., having retired, did not join in this opinion.