700 F.2d 1243
 In re Bankruptcy of David M. POSNER, Bankrupt.
David M. POSNER, Plaintiff-Appellee,
v.
Sam TABONE, Defendant-Appellant.
In re Bankruptcy of Leo Charles WEISKIRCHER, Bankrupt.
Leo Charles WEISKIRCHER, Plaintiff-Appellee,
v.
Sam TABONE, Defendant-Appellant.
 Nos. 81-5229, 82-5226 and 82-5227.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1982.
Decided March 7, 1983.
 
 Nicolas Ferrara, Los Angeles, Cal., for defendant-appellant.
 James J. Joseph, Danning, Gill, Gould & Joseph, Los Angeles, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before FLETCHER and NELSON, Circuit Judges, and EAST,* Senior District Judge.
 PER CURIAM:
 
 
 1
 The above two causes were consolidated on appeal for briefing, argument, and disposition.
 
 
 2
 Creditor Tabone in each case appeals a final District Court judgment affirming a Bankruptcy Court judgment that voided an in personam judgment granted against debtors Posner and Weiskircher in state court in violation of Bankr. Rule 401.[1] We have jurisdiction under section 24 of the Bankruptcy Act of 1898 as amended (the Act), 11 U.S.C. Sec. 47(a) (1976),[2] and affirm both judgments.
 
 BACKGROUND:
 
 3
 On January 14, 1975, Tabone brought suit against Posner and Weiskircher in state court on an unsecured promissory note. In aid of his suit, Tabone applied for a writ of attachment. The writ was granted and executed upon real property on October 12 and 13, 1976. Whether the debtors had any interest in the real property attached is not at issue.
 
 
 4
 Weiskircher filed a petition in bankruptcy on June 30, 1977, was adjudicated a bankrupt, and was discharged on October 4, 1977; Posner filed on May 30, 1979, was adjudicated, and was discharged on August 15, 1979. The schedules in each of the bankruptcy proceedings listed Tabone as a creditor but did not list the real properties under attachment as assets.
 
 
 5
 On July 6, 1979, Tabone obtained an in personam judgment by default in the state court action against Posner and Weiskircher.[3]
 
 
 6
 On January 16, 1980, Posner and Weiskircher commenced separate adversary proceedings in their respective bankruptcy proceedings against Tabone. In their respective complaints, Posner and Weiskircher sought to void the state court unrestricted in personam money judgment, which Tabone obtained against them after they had filed their respective bankruptcy proceedings wherein any alleged debt to Tabone was discharged.
 
 
 7
 In Posner's action against Tabone, the Bankruptcy Court entered judgment on March 18, 1980, determining the state court in personam judgment to be null and void. On May 19, 1980, the Bankruptcy Court in the Weiskircher case entered judgment, making an identical determination. Tabone appealed each Bankruptcy Court adjudication to District Court (D.C. No. CV 80-1226-FW, and D.C. No. CV 80-2342-WMB). Each was affirmed: No. CV 80-1226-FW, on February 27, 1981; and No. CV 80-2342-WMB, on February 3, 1982. Tabone then took timely appeals to this court.
 
 
 8
 In the adversary proceedings, before both the Bankruptcy and District Courts, Tabone contended that the Bankruptcy Court was without jurisdiction.[4] Tabone also argued, on the merits, that, since he was entitled to a restricted judgment limited to the real property previously attached, it would not serve the ends of justice to void the state court judgment and thereby to put him to the task of obtaining another judgment when the Bankruptcy Court or the state court could accomplish the same end by court order to that effect.[5]
 
 ISSUES ON REVIEW:
 
 9
 (a) Did the Bankruptcy Court or the District Court err in voiding the unrestricted in personam state court judgment obtained by Tabone?
 
 
 10
 (b) Did the Bankruptcy Court or the District Court abuse its discretion by voiding the post-bankruptcy state court judgment rather than reforming or limiting it?
 
 DISCUSSION:
 Issue (a):
 
 11
 The state court action was on its face a suit against the bankrupts "founded upon an unsecured provable debt" and, as such, was stayed by Bankr. Rule 401. Tabone claims that at the moment the writ of attachment was executed on the real property the unsecured debt was transformed into a secured debt thereby removing the state court proceedings from the reach of Rule 401. The claim is fanciful at best.
 
 
 12
 The so-called pre-judgment attachment lien on real property creates an inchoate lien unperfected until entry of a valid final judgment. The perfected lien relates back in priority to the date of the pre-judgment attachment, but it secures the judgment, not the unsecured provable debt. See United States v. Security Trust & Savings Bank, 340 U.S. 47, 50, 71 S.Ct. 111, 113, 95 L.Ed. 53 (1950). Consequently, since Tabone's claims against Posner and Weiskircher upon which the writ was executed had not been reduced to judgment before May 30, 1979, Tabone's claims simply were not secured debts on the dates upon which Posner and Weiskircher's bankruptcy petitions were filed.
 
 
 13
 Tabone for some reason refused or at least failed to pursue the open route for him to protect his attachment lien that is specifically provided for in subsection (d) of Rule 401. The Advisory Committee's Note to Rule 401 states that the rule explicitly permits a creditor to secure relief from the stay of Rule 401 where a special justification exists and provides an expedited procedure for determining the propriety of granting such relief.[6] Since Tabone did not take the route provided by the rule, our inescapable conclusion is that Rule 401 stayed Tabone's state court proceedings and the in personam judgment was taken in violation of the Rule.
 
 
 14
 Neither District Court erred in affirming the Bankruptcy Court's adjudication that the purported state court in personam judgment was null and void.
 
 Issue (b):
 
 15
 Bankr. Rule 401 implements and makes automatic the provisions of section 11a of the Act, 11 U.S.C. Sec. 29(a), which restrains, during bankruptcy, the continuation of a lawsuit against a bankrupt founded upon a claim from which a discharge would be a release, and section 14f of the Act, 11 U.S.C. Sec. 32(f), which enjoins the institution or continuation of any action or the employing of any process to collect from the bankrupt any debt discharged in a previous bankruptcy proceeding. These sections are central to the protection of the bankrupt. By restraining litigation outside the Bankruptcy Court, the bankrupt is able to deal with all of his creditors in one forum.[7]
 
 
 16
 In light of the purposes which Congress intended to be served by those sections of the Act and the rules promulgated thereunder, the Bankruptcy Court's voiding of Tabone's judgment and its refusal to reform the judgment were, in the opinion of the District Court in the Weiskircher case, "clearly warranted." We agree.
 
 
 17
 As the District Court held in the Weiskircher case, a reviewing court may determine that the Bankruptcy Court abused its discretion only when there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of all the relevant factors. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); Pue v. Sillas, 632 F.2d 74, 78 (9th Cir.1980) (quoting In re Josephson, 218 F.2d 174 (1st Cir.1954)).
 
 
 18
 The District Court's affirmance of the Bankruptcy Court's refusal to reform a void judgment obtained by a creditor in willful disregard of those portions of the Bankruptcy Act and Rules which are central to according a bankrupt the benefits of his discharge is not a clear error of judgment.
 
 
 19
 Tabone cites Becker v. S.P.V. Construction Co., 27 Cal.3d 489, 612 P.2d 915, 165 Cal.Rptr. 825 (1980), for the proposition that the Bankruptcy Court somehow should have limited the judgment rather than voided it. The Becker case is not applicable to the issues here.
 
 
 20
 In Becker, the trial court had entered a default judgment for a sum in excess of what the plaintiffs had prayed for in their complaint. Thereafter, the defendants moved to vacate the default judgment on that ground, and their motion was granted. The plaintiffs appealed, and the appellate court held that the trial court should have reduced the amount of the judgment to the amount of damages prayed for in the complaint.
 
 
 21
 The plaintiffs in Becker violated no substantive rule or statute in seeking a default judgment against the defendants. In the case before this court, every step Tabone took to push ahead with his lawsuit against Posner and Weiskircher after they had filed in bankruptcy violated the Bankruptcy Act and the Bankruptcy Rules.
 
 
 22
 The judgment Tabone obtained was not void because it contained some procedural error; it was voided because the state court's progress to judgment was violative of bankruptcy law. As the Bankruptcy and District Courts recognized, to reform Tabone's judgment and let him enforce it in any fashion at all would be to condone an injury to a system of bankruptcy law that places the burden upon the creditor to come to the Bankruptcy Court before proceeding against the bankrupt on an unsecured provable debt, so that the Bankruptcy Court can circumscribe and limit the creditor's action and ensure that the benefits of the bankrupt's discharge will not be vitiated.
 
 
 23
 The Bankruptcy Courts did not err in refusing to reform or restrict the purported state court in personam judgment nor did the two District Courts err in affirming.[8] The final judgments in the two District Courts, No. CV 80-1226-FW and No. CV 80-2342-WMB, are each affirmed.
 
 
 24
 Nos. 81-5229 and 82-5227 AFFIRMED;
 
 
 25
 No. 82-5226 DISMISSED.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Rule 401 states in pertinent part:
 Petition as Automatic Stay of Certain
 Actions on Unsecured Debts
 (a) Stay of Actions. The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of Sec. 17a of the Act [11 U.S.C. Sec. 35(a) ].
 (b) Duration of Stay. Except as it may be deemed annulled under subdivision (c) or may be terminated, annulled, or modified by the bankruptcy court under subdivision (d) or (e) of this rule, the stay shall continue until the bankruptcy case is dismissed or the bankrupt is denied a discharge or waives or otherwise loses his right thereto.
 * * *
 (d) Relief from Stay. On the filing of a complaint by a creditor seeking relief from a stay provided by this rule, the bankruptcy court shall set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify, or condition such stay.
 * * *
 
 
 [2]
 Since the bankruptcy cases involved in this appeal were filed prior to the effective date of the Bankruptcy Reform Act of 1978, these cases are governed by the Act. All citations therefore refer to the Act
 
 
 [3]
 On September 28, 1979, some type of execution under the judgment was levied against the real property. The record is not clear as to whether the execution was had upon the apparent judgment lien or the perfected lien of the attachment
 
 
 [4]
 The Bankruptcy Court in each of these two cases properly exercised jurisdiction in voiding the state court judgment under Sec. 2a(15) of the Act, 11 U.S.C. Sec. 11(a)(15) (1976), which invests the bankruptcy courts with jurisdiction to "[m]ake such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this title."
 
 
 [5]
 In Weiskircher's action against Tabone, the Bankruptcy Court on March 6, 1980 entered a preliminary injunction against Tabone preliminarily enjoining him from enforcing his post-bankruptcy, in personam money judgment against Weiskircher. Tabone appealed the grant of the preliminary injunction to the District Court on March 20, 1980 (D.C. No. CV 80-1304-WMB), which affirmed. In light of the disposition of the other issues on this appeal, Tabone's appeal from the District Court's affirmance of the temporary injunction is now moot. Appeal No. 82-5226 is dismissed, since the preliminary injunction merged into the permanent injunction. See SEC v. Mount Vernon Memorial Park, 664 F.2d 1358, 1361-62 (9th Cir.), cert. denied, --- U.S. ----, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982)
 
 
 [6]
 The Note cites one example of a special justification: to enable a creditor who has obtained a pre-bankruptcy attachment to obtain a special judgment with a perpetual stay of execution against the bankrupt in order to perfect the creditor's rights against a surety. See Manufacturers' Finance Corp. v. Vye-Neill Co., 46 F.2d 146 (D.Mass.1930), aff'd, 62 F.2d 625, 628 (1st Cir.), cert. denied, 289 U.S. 738, 53 S.Ct. 657, 77 L.Ed. 1486 (1933). We do not here decide, however, whether Tabone possessed the special justification necessary to obtain relief under Rule 401(d) from the automatic stay provision
 
 
 [7]
 One treatise writer explains:
 Section 14f and h were meant to prevent that practice [of creditors pursuing bankrupts in state court, hoping they will somehow waive the benefits of their discharge by default or by not appearing at trial, as Tabone argues Weiskircher and Posner did] and to restrain, to the extent possible, creditors holding such debts from forcing the bankrupt into any other forum or proceeding.
 1A J. Moore & L. King, Collier on Bankruptcy p 14.69, at 1453 (rev. 14th ed. 1978).
 
 
 [8]
 The extent of the judgments below, and of our affirmance, is merely to void Tabone's July 6, 1979, state court judgment. We express no opinion as to the validity of Tabone's purported attachment lien or as to whether it might now be brought to judgment. We do note, however, that in some cases a creditor who has secured execution of a writ of attachment against property of the debtor more than four months prior to the petition in bankruptcy may take a limited judgment against the attached property (but not against the person of the debtor or any other property), even though a discharge itself has been granted. See, e.g., Hill v. Harding, 130 U.S. 699, 703, 9 S.Ct. 725, 726, 32 L.Ed. 1083 (1889); Doe v. Childress, 88 U.S. (21 Wall.) 642, 646, 22 L.Ed. 549 (1874)