In re Anthony R. GIORDANO, Debtor.

Bankruptcy No. 93–10408.

United States Bankruptcy Court,
D. Rhode Island.

June 27, 1994.

Richard C. Panciera, Westerly, RI, for debtor.

Robert D. Wieck, MacAdams & Wieck, Inc., Providence, RI, for Frances G. and Salvatore Cherenzia.

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, RI, Chapter 7 Trustee.

## ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on May 11, 1994, on the Motion for Relief from Stay filed by creditors Frances G. Cherenzia and Salvatore Cherenzia, III ("Cherenzias"), and the objection of the Chapter 7 Trustee. The background regarding this dispute may be described briefly as follows: On September 11, 1991, the Cherenzias filed an action in the Rhode Island Superior Court against Anthony Giordano seeking, *inter alia*, contribution for payments made under a lease on which the Cherenzias and Giordano were jointly and severally liable. On October 4, 1991, a consent order was entered, granting the Cherenzias' request for a writ of attachment on real estate owned by Giordano. Nothing of record happened until February 16, 1993, when Giordano filed a petition under Chapter 7 of the Bankruptcy Code.

The Trustee agrees that the Cherenzias have a claim for contribution against the Debtor and that the amount of the claim exceeds the value of the real estate that is subject to the attachment. In dispute is whether the pre-judgment attachment obtained by the Cherenzias on October 4, 1991, is superior to the Trustee's interest in the subject property.

There is a split of authority on the issue, with one line of cases, cited by the Trustee, holding that a subsequent judgment is required to perfect a pre-judgment attachment. *See Posner v. Tabone (In re Posner)*, 700 F.2d 1243 (9th Cir.), *cert. denied* 464 U.S. 848, 104 S.Ct. 155, 78 L.Ed.2d 143 (1983); *In re Savidge*, 49 B.R. 429 (Bankr.D.Del.1985), *aff'd* 57 B.R. 389 (D.Del.1986); *but see In re Wind Power Systems, Inc.*, 841 F.2d 288 (9th Cir.1988). The Trustee argues that because the Cherenzias did not obtain a judgment prior to the Debtor's bankruptcy filing, the attachment never acquired the status of a perfected lien.

■ Because they are clearly distinguishable, we decline to follow the cases cited by the Trustee.[1] Rather, we agree with *In re Carlos A. Rivera, Inc.*, 130 B.R. 377 (Bankr.D.P.R.1991) in concluding that the Cherenzias' prejudgment attachment constitutes a valid and perfected lien which is superior to the rights of the Trustee, notwithstanding that judgment has not been entered. In determining whether an attachment is properly perfected, we look to the law of the state in which the writ of attachment was issued. *See Id.* at 379. Under Rhode Island law,

> [a]n attachment upon real property ... constitutes a lien thereon from the date it is filed in the records of land evidence pursuant to judicial authorization [and] ... cannot be defeated by a conveyance of the attached property.... A grantee of attached property takes title subject to the rights of the attachment holder, and such holder may enforce his lien through a sale of the attached property.

*Bonniecrest Dev. Co. v. Carroll*, 478 A.2d 555, 559 (R.I.1984); *see also In re Gibbons*, 459 A.2d 938 (R.I.1983); *Suppa v. Capalbo (In re Suppa)*, 8 B.R. 720 (Bankr.D.R.I.1981) (Holding that for purposes of evaluating preferential transfers under 11 U.S.C. § 547, attachment on real property is perfected on date attachment is recorded with recorder of deeds in city or town where property is located.) The Cherenzias recorded their attachment on October 4, 1991, and they have a valid and perfected judicial lien as of that date, within the meaning of 11 U.S.C. § 101(36).

■ Also, since the Trustee has stipulated that there is no equity in the subject property, we find that relief from the automatic stay pursuant to 11 U.S.C. § 362(d) is appropriate. Accordingly, the Cherenzias' Motion to Lift Stay is GRANTED.

Enter Judgment consistent with this opinion.

---

1. The Trustee cites two First Circuit cases, *Rodriguez v. Escambron Development Corp.*, 740 F.2d 92 (1st Cir.1984) and *Chicago Title Insurance Co. v. Sherred Village Assoc.*, 568 F.2d 217 (1st Cir. 1978), *vacated* 441 U.S. 901, 99 S.Ct. 1987, 60 L.Ed.2d 370 (1979), wherein both courts apply the federal common law rule of "cohateness" to determine priority as between federal liens and non-federal liens. Because the instant case does not involve a federal claim, we consider these cases to be inapplicable, and instead look to Rhode Island law to determine the relative priorities of the parties herein. *See In re Carlos A. Rivera, Inc.*, 130 B.R. 377, 380–81 (Bankr.D.P.R. 1991).