GOODWIN & SIGEL *vs.* BOSTON CLOTHING CO.

SAMUEL EISENBERG *vs.* SAME.

SIFF & COHEN *vs.* SAME.

JUNE 25, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Bankruptcy. Sureties. Judgments.*

Where after an attachment had been discharged by the statutory bond and within four months of such attachment defendant filed a petition in bankruptcy, under which he was discharged, judgment with perpetual stay of execution against defendant may be entered to enable plaintiff to proceed against the surety.

*(2) Bankruptcy. Composition. Judgments. Sureties.*

After an attachment defendant gave the statutory bond and released the attachment. Defendant within four months of attachment went into bankruptcy and offered a composition to creditors.

Plaintiff having neither consented or objected to the composition filed proof of claim and accepted the dividend.

*Held,* that plaintiff by accepting a portion of the indebtedness was not estopped from proceeding against the surety upon the bond after obtaining a special judgment against defendant.

ASSUMPSIT. Heard on exception of plaintiff and sustained.

RATHBUN, J. These three cases were tried together by a justice of the Superior Court sitting without a jury and a decision was entered in each case for the defendants. Each case is before us on the exception of the plaintiff therein to the decision of said justice and on the exception to the overruling of the plaintiff's demurrer to the defendants' plea.

There is no dispute as to the facts and the same question of law is presented in each case. On April 10, 1915, the plaintiffs, by their several writs of attachment, issued out of a district court, on the same day commenced these suits against the defendants by attaching their goods and chattels, and on the same day the defendants obtained a release of the property from attachment by giving in each case a bond, as provided by statute, to pay judgment. Each

writ was duly answered on the return day thereof, which is equivalent to the filing of the general issue, and plaintiff in each case claiming a jury trial, all of the cases were certified to the Superior Court. While the cases were pending in the Superior Court the defendants filed in each case a plea *puis darrien continuance* alleging that on July 28, 1915, a petition in bankruptcy was filed against the defendants in the District Court of the United States for the District of Rhode Island and that said court, on August 10, 1915, adjudged said defendants bankrupt. At a meeting of the creditors of the bankrupt the defendants made an offer of composition which was accepted in writing by a majority of the creditors having a majority of the amount of claims. The composition was confirmed and the several plaintiffs, having neither consented nor objected to the composition, filed proofs of claims and accepted the composition. Thereafter the defendants again filed in each case a plea *puis darrien continuance* setting forth the proceedings in bankruptcy, including the composition and acceptance by the several plaintiffs of the composition offered in connection with the claim filed and proved by them. The several demurrers of the plaintiffs to these pleas were overruled. At the trial the plaintiff in each case proved the amount due from the defendants at the time the suit was commenced, offered credit for the amount received in the composition settlement and asked the court to enter a special judgment for the balance, with a perpetual stay of execution against the defendants, to enable the plaintiff in each case to proceed against the sureties on the bond. The court refused the request and gave the defendants a decision for costs in each case.

The Superior Court was evidently of the opinion that an adjudication of bankruptcy of a defendant within four months after an attachment of his personal property which has been released by giving the statutory bond to pay judgment, in the event of the failure of the defendant to do so, releases the sureties on the bond from liability to pay judgment obtained by the plaintiff in the action commenced by

the writ of attachment, but since these cases were heard by the Superior Court we have decided to the contrary in *Andrews* v. *Jones*, 46 R. I. 141, (125 Atl. 356) and in *Andrews* v. *Fain*, 46 R. I. 165, (125 Atl. 357). It appearing on the authority of *Andrews* v. *Jones* and *Andrews* v. *Fain, supra,* that the bankruptcy proceedings would not discharge the sureties on the bonds given to release the attachments, we come to the question whether the plaintiff in each case should be permitted to obtain a special judgment against these defendants,—who have been discharged by the bankruptcy court—for the sole purpose of enabling the plaintiff to proceed on the bonds against the sureties.

In *Butterick Pub. Co.* v. *Bowen Co.*, 33 R. I. 40, it appears that an attachment was made more than four months prior to the commencement of proceedings in bankruptcy by attachment of personal property of the defendant, which attachment was discharged on the giving of a bond, with sureties, with condition that the same should be null and void if the final judgment should be forthwith paid after the rendition thereof, and it was held that the trial court could render a special judgment against the defendant, with a perpetual stay of execution against him, for the purpose of enabling the plaintiff to bring suit against the sureties on the bond. In the *Butterick* case the sureties remained liable on the bond because the Bankruptcy Act does not assume to affect attachments made more than four months prior to the commencement of bankruptcy proceedings, and in the case before us the sureties remain liable because said act so provides. Section 16, (a) of said act provides that: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." (U. S. Comp. St. § 9600.) We think the reasons in favor of entering a special judgment to permit a plaintiff to proceed against the sureties are at least as strong when the attachment was made within (1) four months prior to the bankruptcy proceedings as when the attachment was made more than four months prior to

such proceedings. What reason can be suggested for continuing the liability against the sureties if it was not the intention that the court should enforce such liability? In *U. S. Wind Engine & Pump Co. v. North Penn Iron Co.,* 227 Pa. St. 262, the court said: "The appellee has secured its discharge and its personal liability is gone, but that does not constitute any reason why a judgment against it should not be entered for the special purpose of fixing and enforcing the liability of the surety. The surety took the risk of appellee's insolvency, a risk that the appellant was supposedly protected against by the very bond in question. So it would be most unfair to allow the substitution of the bond for the goods attached, and then deny the formal relief necessary in order to enforce its terms against the surety."

The defendants suggest that, since the plaintiffs elected to prove their respective claims in the bankruptcy proceedings and accept a part of the estate of the bankrupts, they should not be permitted to have special judgments in order to collect the balance from the sureties. No rule of estoppel can be invoked; the plaintiff at all times made it clear that they intended to proceed against the sureties for any balance due after crediting them with the amounts received from the estate of the bankrupts. By accepting the amounts received the liability of the sureties was reduced. The plaintiffs' acceptance of a portion of the indebtedness from the estate of the bankrupts was not an election to pursue one of two inconsistent remedies and did not affect the liability of the sureties. *Easton v. Ormsby,* 18 R. I. 309; *Friend v. Talcott,* 228 U. S. 27.

In *Pullman Metal Specialty Co. v. Lang,* (Conn.) 124 Atl. 824, cited by the defendants, the court, although recognizing the principle that courts should in certain cases enter a special judgment in order to enforce liability against sureties, refused, for reasons appealing to the court, to enter a special judgment for the purpose of fixing liability against the sureties. The court was evidently of the opinion that the entry of a special judgment would, in that case, work

an injustice.    The facts were somewhat different from those in the cases before us and some of the reasoning of the court fails to impress us.

The exception of the plaintiff in each case to the decision of said justice is sustained.    The defendants may on July 6, 1925, appear and show cause, if any they have, why judgment with a perpetual stay of execution should not be ordered for the plaintiffs as follows:    For plaintiff Eisenberg, $102.61 less $4.60 to be deducted from the costs; for plaintiffs, Siff and Cohen, $439.59 less $9.10 to be deducted from the costs and for plaintiffs, Goodwin and Sigel, $237.97 less $4.60 to be deducted from the costs.

*James H. Rickard*, for plaintiff.
*Lee & McCanna*, for defendant.