## A. E. GORDON v. CALHOUN MOTORS, INC.

(Filed 16 December, 1942.)

**1. Bankruptcy § 1—**

A bankruptcy proceeding does not terminate a suit in a State court, to which the bankrupt is a party; and the adjudication of a defendant as a bankrupt does not stay such an action.

**2. Bankruptcy §§ 1, 7—**

Where plaintiff in an action in the Superior Court acquires a lien on defendant's property, which is taken into the custody of the court and released on the giving of a bond under C. S., 861, upon the adjudication of the defendant a bankrupt, the State court may order that the cause proceed to trial, any judgment rendered for plaintiff to be collectible, *by execution,* only from the sureties on the bond, so that the plaintiff or sureties may prove the judgment as a claim in the bankruptcy proceeding.

APPEAL by defendant from *Olive, Special Judge,* at October Term, 1942, of DAVIDSON.

Civil action to recover from the assets of the defendant corporation one-half of the profits of said corporation for the period beginning 1 January, 1940, to the date of the institution of the action, to wit, 22 May, 1942, alleged to be due the plaintiff under and by virtue of a contract entered into the latter part of the year 1939, by and between the plaintiff and the defendant corporation through its president, C. W. Fulton.

Order appointing a temporary receiver was signed by Olive, Special Judge, 22 May, 1942, said receiver not to take possession of the property until 27 May, 1942, pending the execution of a bond by the defendant as provided in C. S., 861. Bond was not given. P. V. Critcher, as temporary receiver, was ordered to take possession of the assets of defendant on 28 May, 1942.

On 8 June, 1942, defendant with two justified sureties, as required by C. S., 861, executed a bond in the sum of $15,000 to pay the plaintiff whatever amount he might recover against the defendant, whereupon the receiver was discharged and the assets of the defendant, by order of court, were delivered to the defendant.

On 9 October, 1942, the defendant filed a voluntary petition in bankruptcy in the District Court of the United States for the Winston-Salem Division, Middle District of North Carolina, and the defendant was adjudged a bankrupt on the above date.

On 12 October, 1942, this case was called for trial in the Superior Court and the defendant was permitted to amend its answer and set up and plead that it had been adjudicated a bankrupt on 9 October, 1942.

The court entered an order, the pertinent part of which is as follows: "The defendant, thereupon, moved the Court to dismiss the action because of its plea in bar, as set out in the amendment to the answer, which was filed this date. The attention of the Court was directed to the fact that an undertaking was filed in this cause with two sureties, which said undertaking provided, among other things, that they would pay any judgment recovered in the action, etc.; and after hearing the argument of the counsel for plaintiff and defendant, the Court being of the opinion that the plaintiff in this action is entitled to proceed, and that a perpetual stay of execution would be issued as to the bankrupt, on any judgment rendered against it and that any judgment rendered in this action in favor of the plaintiff would be collectible only from the bond filed in this cause by the sureties, D. C. Lewis and C. W. Fulton, thereupon ordered said cause to proceed." To the above ruling defendant and each of the sureties, to wit, C. W. Fulton and D. C. Lewis, entered an exception and gave notice of appeal to the Supreme Court.

*Don A. Walser and Phillips & Bower for plaintiff.*
*Folger & Folger, E. C. Bivens, and J. F. Spruill for defendant.*

DENNY, J. The first exception and assignment of error is to the ruling of the court below that plaintiff is entitled to proceed to trial notwithstanding the fact that the defendant has been adjudicated a bankrupt.

11 U. S. C. A., sec. 103 (a), authorizes proof and allowance of claims against a bankrupt estate which are "founded upon (5) provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgment."

11 U. S. C. A., sec. 29 (a), reads, in part, as follows: "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition by or against him, shall be stayed until an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until the question of his discharge is determined . . ."

The authority of the courts to stay actions pending in nonbankruptcy courts against a party at the time the party is adjudicated a bankrupt is not questioned, neither is the right of a trustee in bankruptcy to be made a party in any pending action. However, bankruptcy proceedings do not terminate an action already pending in a state court, to which the bankrupt is a party. The Supreme Court of the United States, in passing upon this question and in interpreting the provision in section 29, set forth above, in *Connell v. Walker,* 291 U. S., 1, 78 Law Ed., 613,

stated: "The question remains whether, the trustee having failed to assert any rights with respect to the pending action, the state court was required to stay it by any provision or necessary implication of the Bankruptcy Act. We find it necessary to decide whether sec. 11 (a), U. S. C., title 11, sec. 29 (a), authorizing a stay of certain suits pending against a bankrupt, lays down a rule for nonbankruptcy as well as bankruptcy courts, or whether it is applicable to suits like the present one or whether the bankrupt may invoke its provisions. For, if applicable here, the authority given by that section to stay pending suits after adjudication, which has taken place here, is not mandatory, but permissive, to be exercised in the sound discretion of the court."

Where liens are acquired by contract or judicial proceedings, more than four months prior to the adjudication in bankruptcy, as in this case, as a rule the courts will not stay a proceeding to enforce said lien, which is pending at the time of the adjudication in bankruptcy. *Metcalf Bros. v. Barker,* 187 U. S., 165, 47 Law Ed., 122, and other citations too numerous to cite, in accord with this view, are to be found in a note in 283 U. S., 319, 75 Law Ed., 1077.

We hold that the adjudication of the defendant as a bankrupt does not stay this action and the plaintiff may proceed to trial and judgment.

The court below found as a fact that the plaintiff had a lien on the property in the hands of the receiver, which lien attached 22 May, 1942, and that the property so attached, and which was in the custody of the court, was released and turned back to the defendant upon giving a bond as provided in C. S., 861.

While the defendant's second exception is to the order entered in the court below, the argument in the defendant's brief is addressed only to the following portion of the order: "That a perpetual stay of execution would be issued as to the bankrupt on any judgment rendered against it and that any judgment rendered in this action in favor of the plaintiff would be collectible only from the bond filed in this cause by the sureties, D. C. Lewis and C. W. Fulton."

We think the defendant is entitled to a modification of the order so that it will read as follows: "Any judgment rendered in this action in favor of plaintiff would be collectible *by execution* only from the bond filed in this cause by the sureties, D. C. Lewis and C. W. Fulton."

We do not think the court below intended to prevent the plaintiff or the sureties from proving whatever judgment may be obtained as a claim against the defendant in bankruptcy.

While the decisions are conflicting, we think the order of the court below, as modified, is in accord with the greater weight of authority and that plaintiff is entitled to proceed to judgment, with a perpetual stay of execution against the defendant, bankrupt. As stated in the case of

*Manufacturers' Finance Corp. v. Vye-Neill Co., et al.,* 62 F. (2d) 625, in which the factual situation was almost identical with this case, except the defendant was adjudicated a bankrupt within four months from the institution of the action. A bond was executed and the property released, defendant appealed from an order granting the plaintiff's motion for a trial while the bankruptcy proceedings were still pending and before the discharge of the defendant from bankruptcy. The Court said: "We think the ruling by Judge Brewster was right, viz., that a bond given to discharge an attachment, the condition of which is to pay the amount which the plaintiff shall recover on his writ or any special judgment which may be entered in said action, is in the nature of an independent contract, the effect of which is to discharge the lien on the goods resulting from the attachment. In this respect it differs from a 'forthcoming bond,' the condition of which is to restore the property in case of judgment. In the former case both the Massachusetts court and federal courts hold that a discharge in bankruptcy does not discharge a surety, while in the latter case it does. While there is some difference of opinion, the rule in Massachusetts seems to be sustained by the greater weight of authority (citing *Guaranty Security Corporation v. Oppenheimer, et al.,* 243 Mass., 324, 137 N. E., 644, and other authorities). Where no property of the bankrupt is pledged to indemnify the surety against loss, the giving of such a bond is in the interest of the creditors of the bankrupt. If a surety assumes the obligation to pay the judgment without any security, we think the cases holding the surety liable, in case judgment is obtained against the bankrupt, are based on sound reasoning. The procedure followed by Judge Brewster of permitting the case to go forward to judgment, prior to a discharge being granted, in order to fix the liability of the surety in such cases, is also well supported by authority. In no other way can the bond be enforced except by a special judgment with perpetual stay of execution upon the filing of a discharge in bankruptcy. Such procedure may also be necessary to reduce to judgment unliquidated claims, in order that the plaintiff, or an indemnifying surety, may prove the claim in bankruptcy. It makes no difference whether a bond to pay a judgment was given prior to or within four months of the filing of the petition in bankruptcy, since no injury results to the bankrupt's creditors. The release of an attachment on a bankrupt's property within four months of the filing of a petition in bankruptcy by giving a bond does not deprive the other creditors of any share in the bankrupts estate; and, unless collusion or fraud is shown, or the bankrupt turns over property to the surety to protect it in case it is called on to satisfy a judgment obtained by the attaching creditor, of which there is no proof in this case, creditors of a bankrupt have no ground of complaint," citing authorities. United States Su-

preme Court denied petition for writ of *certiorari* in the above case, 289 U. S., 738, 77 Law Ed., 1486. See also *Hill v. Harding,* 130 U. S., 699, 32 Law Ed., 1083. Except to the extent indicated herein, this exception cannot be sustained.

Appellee moves the Court to dismiss the appeal of C. W. Fulton and D. C. Lewis. It appears from the record that C. W. Fulton and D. C. Lewis, sureties on defendant's bond, entered exceptions to the order in the court below and gave notice of appeal to this Court. It does not appear from the record that the sureties are parties to this action. No appeal was perfected in their behalf and no brief was filed, as required by Rule 28 of this Court—Rules of Practice in the Supreme Court of North Carolina, 221 N. C., 562.

The order of the court below is

Modified and affirmed.