TRANSMARITTINA SARDA ITALNAVI FLOTTE RUINITI S.p.A., Plaintiff,

v.

FOREMOST INSURANCE COMPANY, INC., Defendant.

No. 79 Civ. 488 (WCC).

United States District Court,
S. D. New York.

Oct. 22, 1979.

 

Healy & Baillie, New York City, for plaintiff; Nicholas J. Healy, Jr., Jack A. Greenbaum, New York City, of counsel.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City, for defendant; Robert J. Giuffra, Gerard A. Gilbride, Jr., New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

This is an action by a shipowner to recover against a charterer's liability underwriter, Foremost Insurance Company, Inc. ("Foremost"), upon the underwriter's alleged undertaking to pay any arbitration award against the charterer arising out of the shipowner's claim for injury to its vessel. Jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332. Presently before the Court are the parties' cross-motions for summary judgment pursuant to Rule 56, F.R.Civ.P., and plaintiff's motion to strike defendant's affirmative defenses pursuant to Rule 12(f), F.R.Civ.P.

### The Facts

The following facts are established by affidavit or by documents submitted in support of the motions: Plaintiff chartered a vessel to Himoff Maritime Enterprises Ltd. ("Himoff" or the "charterer") under a charter party dated March 25, 1974. While on charter to Himoff, the vessel was damaged by ice. On May 2, 1975, counsel for plaintiff made a written demand on Himoff for security against its claim for damages for injury to its vessel, the security to be in the form of a surety bond or a letter of undertaking by Himoff's liability underwriter. On May 9, 1975, Dougherty, Ryan, Mahoney, Pellegrino & Giuffra (the "Dougherty firm"), informed plaintiff's counsel by letter that they represented Himoff and that all future communications, including "demands for security, arbitration, etc." should be directed to them.

On May 14, 1975, Frank Elger & Company, by its claims manager Balian, issued a letter of undertaking on behalf of Foremost to plaintiff. The letter of undertaking was written on Frank Elger & Company's stationery and was signed by "A. Balian, Claims Manager." On May 19, 1975, plaintiff requested of Adams & Porter, Inc., insurance brokers, that the letter of undertaking be modified and, by letter of May 23, the modification was agreed to by Balian for Foremost.

The letter of undertaking provides in pertinent part:

"In consideration of your refraining from attaching any property belonging to Himoff Maritime Enterprises Ltd. as Charterers of the "TITO CAMPANELLA" arising from the alleged ice damages sustained by said vessel during a voyage from Breman [sic] to Three Rivers between January 31st and February 9th, the undersigned Charterers' Liability Insurer hereby agrees:

"1. To file or cause to be filed upon your demand an appearance on behalf of the Charterer of the "TITO CAMPANELLA", Himoff Maritime Enterprises Ltd. [in any] suit which may be commenced by the vessel owners in connection with the captioned damage to the vessel in any Court of competent jurisdiction, or to file or cause to be filed upon your demand an appearance on behalf of Himoff Maritime Enterprises Ltd. in any arbitration proceeding commenced by the Owners of the "TITO CAMPANELLA" in connection with the captioned damage, said appearances to be consistent with the defenses available to the Charterer and shall not be a waiver of any of these defenses.

"2. In the event a final decree (after appeal, if any) be entered in favor of the plaintiff against Himoff Maritime Enterprises Ltd. in the aforementioned suit, or in the event a final arbitration award is granted in favor of the Owners of the "TITO CAMPANELLA" against Himoff Maritime Enterprises Ltd. in connection with the aforementioned damage, then the undersigned Charterer's Liability Insurer agrees to pay and satisfy (up to and not exceeding $470,000, including interests and costs) the said final decree or final arbitration award of [sic] any lesser decreed by the Courtor [sic] the Arbitration Panel or settled between the parties without a final decree being entered.

"3. Upon demand, to cause to be filed a bond in form and sufficiency of sure-

ty satisfactory to you or the Court in the above amount securing your claim against the Charterers, Himoff Maritime Enterprises Ltd., in the aforementioned dispute consistent with sub-division 1, supra."

On May 19, 1975, plaintiff appointed an arbitrator pursuant to the arbitration clause in the contract of charter party and demanded that Himoff arbitrate disputes, other than the damage to the vessel, arising out of the charter party. Plaintiff reserved the right to include the issue of liability for the damage to the vessel in the arbitration at a later time.

On September 26, 1975, a petition for involuntary bankruptcy was filed against Himoff in this Court and on January 7, 1976, an order of adjudication was entered.

On May 4, 1976, plaintiff's counsel wrote to the Dougherty firm, Himoff's counsel, with a copy to Himoff's trustee in bankruptcy, demanding arbitration of the question of liability for damage to the vessel and requesting that the charterer appoint an arbitrator. Plaintiff's counsel stated that:

"Obviously, in view of Charterers' bankruptcy we are relying on the undertaking given by Charterers' liability underwriters, Foremost Insurance Company. We assume you are representing their interests, but if not please advise us so that we may advise them separately of the arbitration."

On May 11, Himoff's counsel replied that he was awaiting instructions from the interested underwriter and on July 23, 1976, Himoff's counsel appointed an arbitrator on behalf of the charterer.

Between January 25, 1977, and January 13, 1978, four hearings were held. The Panel of Arbitrators ("Panel") was informed by plaintiff that in its view the shipowner and Himoff, although the named parties to the arbitration, were only nominal parties and that the dispute was really one between the shipowner's and Himoff's underwriters. Plaintiff's counsel was interested in obtaining a ruling on Himoff's

liability for the ice damage so that plaintiff could recover against Himoff's liability underwriter. A review of a portion of the transcript of the hearing submitted to the Court by plaintiff indicates that it is unclear whether Mr. Robert J. Giuffra ("Giuffra") of the Dougherty firm was representing the charterer or its liability underwriter at the hearing. At the first few hearings, Giuffra stated that he represented the liability underwriter, who was not a party to the arbitration proceeding; at the last hearing, he informed the Panel that he represented only Himoff. Giuffra also informed the Panel that the bankruptcy court had issued a stay against proceedings involving Himoff and that he, Giuffra, was proceeding with the arbitration without prejudice to any claims under Bankruptcy Rules 401 and 601.

On January 15, 1979, the Arbitration Panel issued an award in favor of plaintiff. In its Decision And Award the Panel considered the question of whether it had jurisdiction to enter an award against Himoff in view of the fact that the charterer was in bankruptcy. The Panel concluded that it had jurisdiction over Himoff because by signing the submission agreement dated June 8, 1977, Himoff submitted the question of liability for damage to the vessel under the charter party to the Panel for its consideration. The Panel did not discuss Giuffra's allegation that the stay issued by the bankruptcy court deprived the Arbitration Panel of jurisdiction over the charterer.

*Discussion*

A. *Defendant's First Affirmative Defense*

█ Defendant's first affirmative defense is that the complaint fails to state a cause of action. As discussed below, plaintiff's complaint, insofar as it seeks to recover the amount of the arbitration award pursuant to the terms of the letter of undertaking, states a claim for relief and the first affirmative defense is hereby stricken.

B. *Defendant's Second Affirmative Defense*

█ Defendant's second affirmative defense is that the Arbitration Panel was without jurisdiction to render an award against Himoff after Himoff was adjudicated a bankrupt because the arbitration proceeding was stayed by the provisions of the Bankruptcy Act (the "Act"), 11 U.S.C. § 1 *et seq.* The Court concludes that on the facts of this particular case, the Act did not deprive the Panel of jurisdiction to decide the question submitted to it by the parties.

Defendant contends that Section 11a of the Act, 11 U.S.C. § 29, which provides that a "suit" pending against a person at the time of the filing of a petition in bankruptcy shall be stayed, and Rule 401(a) of the Rules of Bankruptcy Procedure, which implements Section 11a by providing for an automatic stay of the commencement or continuation of "any action" against the bankrupt or the enforcement of any judgment against him, deprived the bankruptcy court of jurisdiction over Himoff since plaintiff never moved to vacate the stay issued by the bankruptcy court so as to allow the arbitration proceeding to go forward.

Plaintiff argues that an arbitration proceeding is not an "action" or a "suit" within the meaning of Section 11a and Rule 401 of the Act and, accordingly, that the automatic stay which issued pursuant to Rule 401 did not divest the Panel of jurisdiction to determine Himoff's liability for ice damage to the vessel.

The Court of Appeals for the Second Circuit has explicitly acknowledged an absence of any express statutory authority for a stay of an arbitration proceeding. *Fotochrome Inc. v. Copal Co., Ltd.*, 517 F.2d 512, 516–17 (2d Cir. 1975). In *Fotochrome Inc.*, an arbitration proceeding to litigate the merits of a contract dispute was well underway in Japan when Fotochrome filed a Chapter XI petition in the Eastern District of New York. The bankruptcy court issued an order continuing Fotochrome as a debtor in possession and enjoining "all creditors of the debtor . . . from commencing or continuing any actions, suits, *arbitrations,* or the enforcement of any claim in any Court against this debtor. . . ." 517

F.2d at 514 (emphasis in original). Although the Arbitration Panel in Japan was notified of the stay, it rendered an award in favor of Copal and Copal subsequently filed the arbitration award in a Japanese court, making the award a final and conclusive judgment in Japan. Thereafter, Copal filed a proof of claim in the bankruptcy proceeding and the validity of that claim was the issue before the Second Circuit. In a general discussion of the impact of the arbitration statutes on the Bankruptcy Act, the court stated:

> "There appears to be no specific statutory authority for a Bankruptcy Judge to stay a domestic arbitration proceeding, although we assume, arguendo, that he may do so. See 11 U.S.C. §§ 11a(15), 714, but see 1A Collier, On Bankruptcy ¶ 11.08 at 1149–50 (14th ed. 1974) ['Suits or actions include any legal proceeding where the personal liability of the bankrupt is sought to be fixed . . . . The term, however, does not include arbitration proceedings. . . .']

> *  *  *  *  *  *

> "Neither the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards] nor the arbitration statutes indicates what should be done in the event of the bankruptcy of one of the parties to an arbitration." 517 F.2d at 516–17.

The language of Rule 401, providing for an automatic stay of all "actions" against the debtor and his property upon the commencement of a bankruptcy proceeding, was amended in the Bankruptcy Reform Act, effective October 1, 1979. The Reform Act expands the scope of the Rule 401 automatic stay by providing for a statutory automatic stay of any "judicial, administrative, or other proceeding" and "any act to collect, assess, or recover a claim against the debtor", 11 U.S.C. § 362(a)(1) and (6); the legislative history makes clear that the new language was intended to include arbitration proceedings. H.R.Rep.No.595, 95th Cong. 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 6296–97.

This Court need not decide whether a bankruptcy court had the power under the former Bankruptcy Act to stay an arbitration proceeding, since defendant does not allege that the order issued in this case referred to arbitration proceedings. Rather, the Court must decide whether the automatic stay of all "actions" against the debtor mandated by Rule 401 divested the Arbitration Panel of jurisdiction over the issue of Himoff's liability for damage to plaintiff's vessel. The narrow language of Section 11a and Rule 401, especially when compared to the broad and all-inclusive language of Section 361(a) of the Bankruptcy Reform Act, and the dictum of the Second Circuit in *Fotochrome Inc., supra,* stating that the language of the former Act does not explicitly stay domestic arbitration proceedings, indicate that the operation of Rule 401 alone would not preclude the parties from submitting their contract dispute to arbitration pursuant to the terms of the charter party. Further, the policy underlying the automatic stay provision, to give the debtor a "breathing spell" from his creditors and/or protect creditors by precluding a "race of diligence" by creditors for the debtor's assets by providing for an orderly liquidation procedure under which all creditors are treated equally, would not be furthered by holding that the Panel was without jurisdiction on the facts of this case.

The present action is not against the debtor Himoff or against the trustee in bankruptcy, but against the debtor's liability underwriter. Plaintiff's aim is not to obtain a judgment against the debtor to be filed in the bankruptcy proceeding as a claim against the estate, but to recover on a letter of undertaking allegedly issued by the underwriter to plaintiff wherein defendant agreed to satisfy any arbitration award against Himoff. Plaintiff does not seek a preference over other creditors of Himoff; the rights of such creditors will not be prejudiced since the bankrupt's estate will not be diminished by a judgment in favor of plaintiff in this action. Indeed, since Himoff and the trustee are not parties to this action, a decision adverse to Foremost will not even be binding on them.

Lastly, the letter of undertaking expressly obligates Foremost to enter an appearance on behalf of Himoff in the arbitration proceeding and even if Rule 401 is read to enjoin an arbitration proceeding to recover against Himoff, Foremost may have had an independent obligation under the letter of undertaking to litigate the merits of the dispute between Himoff and plaintiff on Himoff's behalf.

Defendant relies on *Truck Drivers Local v. Bohack Corp.,* 541 F.2d 312 (2d Cir. 1976), *cert. denied,* 439 U.S. 825, 99 S.Ct. 95, 58 L.Ed.2d 117 (1978). In that case, a union brought an action against the bankrupt employer, operating as a debtor in possession pursuant to Chapter XI of the Act, to enforce a grievance award in favor of the union. The district court denied the union's petition for enforcement of the grievance award on the ground that the bankruptcy judge had not approved submission of the dispute to the grievance machinery and the Second Circuit affirmed. The Second Circuit stated that the bankruptcy rules were silent on whether the bankruptcy court's approval was required before the debtor and a creditor could submit an issue to arbitration pursuant to a contract, requiring the debtor to arbitrate, which existed prior to the debtor's bankruptcy. The Second Circuit stated that an existing agreement to arbitrate survives the filing of a petition in bankruptcy but that a debtor-employer under Chapter XI is not a party to an existing collective bargaining agreement since, with the approval of the bankruptcy court, a debtor-employer could reject that contract. Therefore, the collective bargaining agreement was not "an existing contract to be enforced by arbitration without court permission." *Id.* at 320. In addition, the Second Circuit found that the approval of the bankruptcy judge was required before the parties could submit their dispute to arbitration because the rights of other creditors would be affected by the submission of the dispute to arbitration "and the obligation of the bankruptcy court [is] to protect all concerned [creditors]." *Id.*

*Truck Drivers Local* is clearly inapposite to the facts of this case. Unlike the employer in *Truck Drivers Local, supra,* Himoff was a party to an existing contract containing an arbitration clause which survived the filing of a petition in bankruptcy. As has been discussed, *supra,* the rights of Himoff's creditors would not be prejudiced by a decision adverse to Foremost in this action.

Plaintiff's aim was to obtain an arbitration award against Himoff so that it could proceed against Foremost to recover for damage to its vessel. In an analogous situation, where a creditor brings a state court proceeding against a debtor and a surety, with the goal of obtaining a declaration of liability of the debtor so as to subject the surety to liability, it has been held that it would be inappropriate for the bankruptcy court to enjoin the creditor from continuing its state court suit to subject the surety to liability. *In re General Steel Tank Co., Inc.,* 478 F.2d 294 (4th Cir. 1973).

For the foregoing reasons, plaintiff's motion to strike the second affirmative defense is hereby granted.

C. *Defendant's Third Affirmative Defense*

██ Defendant's third affirmative defense is that the Arbitration Panel had no jurisdiction over Foremost. Plaintiff alleges that the present action is not one to enter judgment against defendant on the arbitration award but on the letter of undertaking and that this defense is immaterial to this action. Defendant, in its brief, does not argue in favor of this defense or even raise it. The Court agrees with plaintiff's characterization of the merits of the defense and will order that the third affirmative defense be stricken.

D. *Defendant's Fourth Affirmative Defense*

██ Defendant's fourth affirmative defense is

"that Frank Elger & Company and Frank Elger & Company Insurance Agency Limited had no authority to issue on behalf of the defendant Foremost Insurance Company, Inc. the letter dated May 14, 1975 . . . ."

Defendant alleges that Elger and Foremost terminated their relationship prior to the issuance of the letter of undertaking and that Elger had no authority to issue it.

An issue of fact exists with respect to defendant's fourth affirmative defense since plaintiff alleges that defendant is estopped from denying Elger's lack of authority to issue the letter of undertaking and defendant alleges that plaintiff's reliance on Elger's authority, without any verification from defendant, was unreasonable.

Plaintiff alleges that it is entitled to summary judgment against Foremost on the letter of undertaking as a matter of law because defendant ratified Elger's act by its silence and by appearing in the arbitration proceeding. Plaintiff alleges that it relied on the letter of undertaking by refraining from filing a claim for the damage to its vessel in the bankruptcy proceeding.

Defendant alleges that it did not become aware of the issuance of a letter of undertaking until late February 1977, after the first hearing before the Panel (and after the time for filing claims in the bankruptcy proceeding had expired, according to plaintiff), and that Giuffra appeared in the hearings on behalf of Himoff only.

Where a principal ratifies the unauthorized acts of another with full knowledge of the facts, he is bound. "The crucial inquiry in determining whether an act was subsequently ratified concerns the intention of the party allegedly ratifying the act." *Cincinnati Incorp. v. Atlantic & Gulf Stevedores, Inc.,* 77 Civ. 940 (Conner, J., filed August 6, 1979), at 18. "Ordinarily the question whether a principal has ratified by acquiescence for an unreasonable time after being informed of the agent's unauthorized act is a question of fact for the jury." *Leviten v. Bickley Mandeville & Wimple, Inc.,* 35 F.2d 825 (2d Cir. 1929). The Court finds that a genuine issue of fact exists with respect to Foremost's alleged ratification of the letter of undertaking which precludes a grant of summary judgment.

### E. *Defendant's Fifth Affirmative Defense*

Defendant's fifth affirmative defense is that there was no consideration of any kind for the alleged agreement. Defendant alleges that it was not required to issue a letter of undertaking under the contract of insurance and that it received no additional compensation for the issuance of the letter of undertaking. Plaintiff alleges that the consideration for the letter of undertaking was plaintiff's promise not to attach property belonging to Himoff. A defense is insufficient when "it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Lehmann Trading Corp. v. J. & H. Stolow, Inc.,* 184 F.Supp. 21, 22–23 (S.D.N.Y.1960). Plaintiff has failed to sustain this burden with respect to the fifth affirmative defense and its motion to strike that defense is denied.

### F. *Defendant's Sixth Affirmative Defense*

Defendant's sixth affirmative defense is that the arbitration award rendered by the Arbitration Panel is not a final arbitration award which would trigger defendant's obligation under the letter of undertaking between charterer and Foremost because the charterer's trustee is not precluded from moving to vacate the award.

Neither Himoff nor Foremost moved to vacate the arbitration award within the three-month period permitted in the Federal Arbitration Act, 9 U.S.C. § 12, and therefore the award is final. The trustee was not a party to the arbitration proceeding, and was not adversely affected by the award, and therefore would have no standing to move to vacate the award. Furthermore, since the trustee is not a party to this action, this Court's finding that the award is "final" as to Foremost will not be *res judicata* as to the trustee, should plaintiff attempt to enforce the arbitration award against the trustee at some future time.

Plaintiff's motion to strike the sixth affirmative defense is granted.

### Summary

The parties' cross-motions for summary judgment, pursuant to Rule 56(b), are here-

by denied. Plaintiff's motion to strike the first, second, third and sixth affirmative defenses is granted; plaintiff's motion to strike the fourth and fifth affirmative defenses is denied.

SO ORDERED.